# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Augustin B.,

      Petitioner,

v.

Kevin McAleenan, William P. Barr,
Thomas Homan, Peter Berg, and Joel Brott,

      Respondents.

Civ. No. 19-296 (ECT/BRT)

**REPORT AND RECOMMENDATION AND ORDER**

---

Augustin Bongono, A099-131-447, Sherburne County Jail, 13880 Business Center Drive, Elk River, MN 55111, *pro se* Petitioner.

Ana H. Voss, Esq., Ann M. Bildtsen, Esq., and Friedrich A. P. Siekert, Esq., Assistant United States Attorneys, counsel for Respondents.

---

BECKY R. THORSON, United States Magistrate Judge.

## INTRODUCTION

This matter is before the Court on the Petition of Augustin B. for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. No. 1, Petition.) The case was referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and D. Minn. LR 72.1. A Report and Recommendation was issued on July 12, 2019. (Doc. No. 38.) By separate order, the Report and Recommendation was vacated because Petitioner was removed from the United States on July 30, 2019. For the reasons discussed below, this Court now recommends that Petitioner's Petition for habeas corpus relief be dismissed as moot.

## BACKGROUND

On December 27, 2005, an immigration judge in Denver, Colorado ordered Petitioner's removal from the United States of America. (*See* Doc. No. 6, Decl. of Richard N. Pryd, Jr. ¶ 12, Ex. B.) On October 4, 2018, ICE Enforcement and Removal Operations (ERO) arrested Petitioner at the St. Paul, Minnesota field office on advice from ERO Headquarters that there was a significant likelihood of his removal in the reasonably foreseeable future. (*Id.* ¶ 23, Ex. H.)

On February 7, 2019, Petitioner filed a Petition for Habeas Corpus relief, requesting that this Court order his release from ICE custody. (Doc. No. 1, Petition.) In his Petition, he relies on *Zadvydas v. Davis*, 533 U.S. 678 (2001), for the position that if his removal is not reasonably foreseeable, his detention is no longer permitted under the United States Constitution. (Petition at 8-9 (citing *Zadvydas*, 533 U.S. at 690, 699).)

On February 19, 2019, this Court ordered Respondents to file a written answer certifying the true cause and proper duration of Petitioner's confinement and showing cause why the writ should not be granted in this case. (Doc. No. 4, 2/19/19 Order.) On March 21, 2019, the United States filed its response (Doc. No. 5, Resp.); on July 8, 2019, the United States filed a supplemental response (Doc. No. 30, Supp. Resp.); and on August 6, 2019, it filed another supplemental response indicating that Petitioner was removed from the United States by ICE on July 30, 2019, by charter flight, and arguing that as a consequence, his Petition is now moot. (Doc. No. 44, Third Supp. Resp.; Doc. No. 45, Third Decl. of Richard N. Pryd. Jr. ¶ 6.)

## DISCUSSION

"Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000). "When, during the course of litigation, the issues presented in a case lose their life . . . and a federal court can no longer grant effective relief, the case is considered moot." *Id.* (internal quotations omitted). The question, then, is whether Petitioner's removal effectively moots his request that the Court order his release from detention.

In *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237 (11th Cir. 2002), an appeal from a petition for release from detention was found to be moot when the petitioner was removed and was no longer being detained. The Eleventh Circuit concluded that "no order . . . requiring the INS to release [the petitioner] into the community awaiting his final removal could have any effect." *Id.* at 1243.

The District of Minnesota has also found habeas corpus petitions for release from detention moot when the petitioners have been removed from the United States. *See, e.g.*, *Mohamed v. U.S. Dep't of Homeland Security*, No. 13-643 (PAM/JJG), 2013 WL 5888081, at *1–2 (D. Minn. Oct. 31, 2013) (adopting report and recommendation stating that "[p]etitioner has already been removed to Somalia and therefore his request for release pending removal is moot"); *Hassan v. I.C.E.*, No. 13-841 (PJS/LIB), 2013 WL 3974522, at *1–2 (D. Minn. Aug. 2, 2013) (adopting report and recommendation citing *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237 (11th Cir. 2002)); *Orellana v. Napolitano*, No. 12-1184 (JRT/AJB), 2012 WL 6006038, at *2 (D. Minn. Nov. 6, 2012) ("Because [p]etitioner is no longer in state custody, he lacks standing to bring a claim for wrongful

detention under 28 U.S.C. § 2241."), *report and recommendation adopted*, 2012 WL 6005776 (D. Minn. Nov. 30, 2012); *Estrada-Heredia v. Holder*, No. 12-1157 (SRN/SER), 2012 WL 4839113, at *2 (D. Minn. Sept. 25, 2012) ("Petition challenged only the length of [petitioner's] ICE detention . . . . This Court can no longer order the relief sought . . . because [petitioner] has already been repatriated to Mexico." (internal quotations omitted)), *report and recommendation adopted*, 2012 WL 4839019 (D. Minn. Oct. 11, 2012). The Eighth Circuit reached a similar conclusion in *Ali v. Cangemi*, 419 F.3d 722, 724 (8th Cir. 2005) ("With Ali's December 29, 2004 release, Ali arguably received the relief he requested."). Although that case ultimately concerned release rather than removal, it illustrated the mootness effect of non-custody on petitions for release from detention. *Id.*

Here, Petitioner sought release from ICE custody. He was subsequently removed from the United States. Because he is no longer in ICE custody, a writ of habeas corpus cannot provide the relief he sought, and the Petition is moot.

### RECOMMENDATION

Based on the above, and on all the records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. No. 1) be **DENIED AS MOOT**;

2. This action be **DISMISSED WITHOUT PREJUDICE**; and

3. Judgement be entered accordingly.

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report within **fourteen days**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

## ORDER

Also before the Court are Petitioner's Motion to Reopen Case (Doc. No. 19), Motion to Reopen (Doc. No. 39), and Motion to Appoint Counsel (Doc. No. 41). All of these motions are ultimately derivative of Petitioner's Petition (Doc. No. 1) to be released from ICE custody. Petitioner, however, has now been removed from the country (*see* Doc. No. 44, Third Supp. Resp.; Doc. No. 45, Third Decl. of Richard N. Pryd. Jr. ¶ 6), and thus these motions are thereby rendered moot.

Therefore:

1. Petitioner's Motion to Reopen Case (Doc. No. 19) is **DENIED AS MOOT**.

2. Petitioner's Motion to Reopen (Doc. No. 39) is **DENIED AS MOOT**.

3. Petitioner's Motion to Appoint Counsel (Doc. No. 41) is **DENIED AS MOOT**.

Dated: August 13, 2019.   *s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge